State, Verhule, pros., v. Saalmann, Collector.

STATE, VERHULE, PROSECUTOR, v. SAALMANN, COLLECTOR.
OF MULLICA TOWNSHIP.

1. When an assessor, in making out his duplicate, has blended together and placed in one column the township taxes other than the township tax for school purposes, the assessment will not be avoided for the non-compliance with the precise terms of the tax law of 1866, in the particular mentioned, if it has not in any wise impaired the substantial rights of the prosecutor.

2. The act of 1868, authorizing the township committee of Mullica township to order money to be raised by tax for payment of an existing indebtedness of the township, does not require the order to be in writing.

3. The expense of laying out and opening a public road in Mullica township, under the act of 1868, (*Laws*, 1868, *p.* 844,) which are to be paid by the town, must, by order of the township committee, be assessed by the assessor of the township in the same manner and at the same time other township taxes are assessed.

4. A town meeting has no lawful right to raise money for incidental expenses without specifying what those expenses are. The resolution or order authorizing the tax, must show upon its face that the money is to be raised and applied to some legal object or purpose.

5. A township assessor has no authority to raise, without order of the township meeting, any money to pay costs and charges incurred in legal proceedings.

6. The raising of moneys to meet contingencies, is wholly without the jurisdiction of the township committee.

On *certiorari.* The writ, in this case, brings up the tax assessed against the prosecutor in Mullica township, Atlantic county, in the year 1872.

Argued at November Term, 1873, before Justices BEDLE, DALRIMPLE and SCUDDER.

For the prosecutor, *P. L. Voorhees.*

For the defendant, *A. C. Scovel.*

The opinion of the court was delivered by

DALRIMPLE, J.   There were nine other *certioraris* argued at the same time with this.   A decision in one will determine all, as we understand the same questions, precisely, are involved in each.

It appears that the assessor did not, as required by the 10th section of the tax law of 1866, (*Nix. Dig.* 952,) make out his duplicate so as to show in separate and distinct columns the several sums assessed for state, county, city, township, poor, school, road, poll, dog, and other taxes.   The error, if any, is, that the township taxes, other than the township tax for school purposes, are blended together, and placed in one column.   The amount of these taxes thus blended in this particular case, is $4.96.   We are asked, because of this alleged error, to set aside the whole assessment.   If the section of the act referred to is not purely directory, the error is cured by the act of 1852, (*Nix. Dig.* 946,) the first section of which enacts that no assessment of taxes shall be set aside upon *certiorari* because the state, county, township, borough, ward, or city taxes, or any of them, are blended together.   It has not been suggested that the non-compliance with the precise terms of the statute of 1866, in the particular mentioned, has, in any wise, impaired the substantial rights of the prosecutor. We do not think, for this lack of form, we should be justified in avoiding the assessment, or any part of it.

Another objection to the township tax is, that there is included in it an item for payment of an existing indebtedness of the township.   By act of March 10th, 1868, (*Laws,* 1868, *p.* 296,) the township committee is expressly authorized to order money to be raised by tax for this purpose.   That they made such order, and that it was communicated to, properly understood and acted on by the assessor, is undisputed ; the proof on this point is abundant.   The error alleged is, that the order of the committee was not in writing. The act does not require it, and we have been referred to no case holding that, to authorize the assessment of such a tax, anything more than an order in fact is necessary.   In this

case, the committee made the order, which was communicated by their clerk, in writing, to the assessor, and he made his assessment according to it.   In this we see no error.

The next objection is that the assessment for expenses of a new road, included in the township taxes, is illegal, because the township committee, by whom the assessment for this purpose was ordered, had no authority to issue such order. By act of April 7th, 1868 (*Laws of* 1868, *p.* 844,) the township committee of Mullica is authorized to open and lay out public roads in said township, and by the 3d section of the act are required, after having laid out, opened and put into travelling condition, any public road, to proceed and ascertain the entire costs and expenses thereof, and thereupon make a just and equitable assessment of such costs and expenses upon the owners of the land and real estate, benefited by such road in or near the line thereof, provided such owners have been applicants for the road.   By the 7th section of the act it is further provided that if the laying out and opening of a public road be for the accommodation of the public, the costs and expenses thereof, together with the award of damages sustained in consequence thereof, be assessed upon the township ; but if for private or individual enterprise, upon the persons interested and applying for the same.   Reading these two sections in connection with the 3d section of the act of 1850, (*Nix. Dig.* 834,) which provides that it shall be the duty of the town committee to cause all such sums, as shall be necessary to pay the damages for lands taken for public highways, to be assessed and collected in the same manner that other moneys for town purposes are assessed and collected ; I think there can be no doubt, that the expenses of laying out and opening a public road in Mullica, which are to be paid by the town, must, by order of the township committee, be assessed by the assessor of the township in the same manner and at the same time other township taxes are assessed.   In fact, I do not see in what other mode the money necessary to defray these expenses can be legally raised.

The next objection is that the town meeting ordered $750

to be raised for "incidental expenses." It is urged that this is too indefinite. The objects for which moneys may be raised by a township tax are specifically stated in the statutes conferring the power. (*Nix. Dig.* 979, § 11; 991, § 99.) The only power of taxation given the township, which in any proper sense can be called a general power, is the right to raise money by tax for preserving and defending the common rights of the township, and for other necessary charges and legal objects and purposes thereof, as are or shall be by law expressly vested in the inhabitants, by some act of the legislature. In the case of *State* v. *Sickels*, 4 *Zab.* 125, Justice Elmer remarks that the inhabitants, comprising the town meeting, have no general power to vote money at their discretion, but are confined to raising it for such legal objects as are by law expressly vested in them. Applying this rule, in the correctness of which I fully concur, to the question now raised, we must, I think, hold that a town meeting has no lawful right to raise money for incidental expenses without specifying what those expenses are. Otherwise it cannot be known whether the money is to be raised for a legal purpose or for one which is altogether illegal and beyond the scope of the taxing power. The resolution or order authorizing the tax must show upon its face that the money is to be raised and applied to some legal object or purpose.

By order of the committee the assessor added to the amount of the other taxes $1000 for "fees and losses," and of his own motion, or by like order of the committee, the further sum of $201.22 for "court expenses, lawing and witnesses." It is only necessary to say, in respect to these two items last named, that neither the township committee nor the assessor had any authority to include them in the assessment. What the assessor may add to the amount which he is ordered to raise, is clearly and definitely fixed by law. *Nix. Dig.* 939, § 6; 951, § 84; *State* v. *Bently*, 3 *Zab.* 532. He had no authority to raise, without order of the town meeting, any moneys to pay costs and charges incurred in legal proceed-

ings. The raising of moneys to meet contingencies was wholly without the jurisdiction of the township committee.

The result is that the assessment is confirmed, except as to the three last named items. So far as they enter into the assessment it must be reversed, and affirmed as to the balance.

The parties may agree upon, or it may be referred to a commissioner to ascertain and report the proper deduction, and the assessment will be amended accordingly.

Justices BEDLE and SCUDDER concurred.